JUSTICE GILLERAN JOHNSON, specially concurring: Though I agree with the majority’s determination that this appeal must be dismissed for lack of jurisdiction, I disagree with the majority’s analysis in reaching that result and, therefore, I specially concur. In the present case, the September 2, 2005, written decision was in essence a decision letter and nothing more than an interim decision. The September 2, 2005, order was not written as a fined judgment for dissolution of marriage. This interim decision order served an informational purpose to decrease the inherent anxiety in waiting for the final judgment for dissolution of marriage. Although the trial court did not specifically call for the entry of a separate judgment of dissolution, it is clear that the trial court did not intend the September 2, 2005, order to be the final judgment for dissolution of marriage. It was not labeled as a judgment for dissolution of marriage and it was not written as if the trial court were officially entering any findings and orders. The trial court did not enter a judgment for dissolution of marriage that included its findings and orders until November 29, 2005. As such, the November 29, 2005, judgment for dissolution of marriage was the final order. Consequently, Dawn’s motion to reconsider does not qualify as a timely postjudgment motion. My determination here is not in conflict with my determination in Capitani. In Capitani, the trial court had entered its final judgment for dissolution of marriage on March 22, 2005. Capitani, 368 Ill. App. 3d at 487. Although the trial court had indicated that a joint parenting order would follow, it was readily apparent that under the circumstances in that case, the March 22, 2005, judgment for dissolution of marriage was the final order. Capitani, 368 Ill. App. 3d at 490-91 (Gilleran Johnson, J., dissenting). In Capitani, a joint parenting order was subsequently entered on July 1, 2005. Capitani, 368 Ill. App. 3d at 487. In the present case, the trial court entered its final judgment for dissolution of marriage on November 29, 2005. This was the final order. As such, the trial court’s interim order on September 2, 2005, is irrelevant to this court’s determination as to whether we have jurisdiction over Dawn’s appeal. Accordingly, despite the majority’s contention to the contrary, the facts in this case are not analogous to those in Capitani. I therefore specially concur.